UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
IAN B. FREEMAN,                         *
SHIRE FREE CHURCH MONADNOCK,            *
MALAISE LINDENFELD,                     *
PHO KEENE GREAT LLC,                    *
ARIA DIMEZZO, ARIA DIMEZZO              *
(d/b/a REFORMED SATANIC CHURCH),        *
                                        *
         Plaintiffs,                    *    Civil No. 1:20-cv-00963-LM
                                        *
vs.                                     *
                                        *
CITY OF KEENE, and                      *
GOVERNOR CHRISTOPHER T.                 *
SUNUNU, Governor of the State of        *
New Hampshire, in his official and      *
individual capacities,                  *
                                        *
         Defendants.                    *
                                        *
*************************************
```

## GOVERNOR CHRISTOPHER T. SUNUNU'S MOTION TO DISMISS COMPLAINT

Governor Christopher T. Sununu, in his official and individual capacities as Governor of the State of New Hampshire ("Governor" or "State"), by and through his counsel, the New Hampshire Office of the Attorney General, moves to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all claims that the plaintiffs assert against the Governor in their complaint.

1.      The plaintiffs challenge the legality and constitutionality of City of Keene ordinance O-2020-09-A and the constitutionality of the Governor's Emergency Order #63, both of which require members of the public to wear face masks in certain situations in light of the COVID-19 pandemic. The plaintiffs seek an injunction declaring O-2020-09-A and Emergency Order #63 null and void and enjoining the enforcement of O-2020-09-A and Emergency Order

#63.  The plaintiffs also seek to enjoin any further similar ordinances enacted by the City of Keene or similar emergency orders issued by the Governor after the date of any order issued in this proceeding, as well as damages and attorney's fees.

2. This Court should dismiss all claims against the Governor because the plaintiffs fail to allege any actual or imminent injury and, therefore, lack standing to challenge Emergency Order #63.

3. All claims asserted against the Governor in his official capacity should also be dismissed because the Eleventh Amendment bars those claims.

4. The plaintiffs fail to state a claim for a violation of their right to free exercise of religion as guaranteed by the First Amendment to the United States Constitution and Part I, Article 5 of the New Hampshire Constitution.  Emergency Order #63 does not violate the First Amendment because it is a valid and neutral law of generally applicability which in no way targets religion and is rationally related to protecting public health.  Nor does Emergency Order #63 violate Part I, Article 5 because it does not substantially burden the plaintiffs' religious practice, and, even if it did, Executive Order #63 narrowly tailored to address the compelling government interest of slowing the spread of COVID-19.  Therefore, this Court should dismiss Count II of the complaint.

5. The plaintiffs fail to state a claim for a violation of their right to freedom of speech under the First and Fourteenth Amendments of the United States Constitution and Part I, Article 22 of the New Hampshire Constitution because (1) Executive Order #63 regulates conduct which falls outside of First Amendment protection and (2) even if the Order regulates protected speech, it survives constitutional scrutiny because it is a content-neutral regulation

narrowly tailored to serve the significant governmental interest of slowing the spread of COVID-19. Therefore, this Court should dismiss Count III of the complaint.

6. The plaintiffs fail to state a claim for a violation of their right of assembly as guaranteed by the First Amendment to the United States Constitution and Part I, Article 32 of the New Hampshire Constitution because Emergency Order #63 does not restrict, in any way, the plaintiffs' ability to gather in a group with other persons. Therefore, this Court should dismiss Count V of the complaint.

7. The plaintiffs fail to state a claim for a violation of their right to procedural due process under the Fourteenth Amendment to the United States Constitution. A person does not have a constitutionally protected liberty or property interest in not wearing a mask during a pandemic, and, even if one did, an individual's due process rights are not violated by a law of general applicability such as Emergency Order #63. Therefore, this Court should dismiss Count IV of the complaint.

8. The State incorporates into this motion the memorandum of law filed herewith.

9. The State did not seek the plaintiffs' assent to this motion as it is a dispositive motion.

WHEREFORE, the State respectfully requests that this honorable Court:

A. Dismiss all claims asserted against the Governor; and

B. Grant such further relief as is just and equitable.

Respectfully submitted,

CHRISTOPHER T. SUNUNU,
GOVERNOR OF THE STATE OF NEW HAMPSHIRE

By his attorneys,

THE OFFICE OF THE NEW HAMPSHIRE
ATTORNEY GENERAL

Date:  January 22, 2021

*/s/ Daniel E. Will*
Daniel E. Will, Bar #12176
Solicitor General

*/s/Laura E. B. Lombardi*
Laura E. B. Lombardi, Bar #12821
Senior Assistant Attorney General

*/s/Sean R. Locke*
Sean R. Locke, Bar #265290
Assistant Attorney General

New Hampshire Department of Justice
Office of the Attorney General
33 Capitol Street, Concord, NH  03301-6397
(603) 271-3650

## CERTIFICATE OF SERVICE

I, Daniel E. Will, hereby certify that a copy of this motion to dismiss the complaint was sent via the court's e-filing system to Robert M. Fojo, Esq., counsel for the plaintiffs, and Charles P. Bauer, Esq., counsel for the City of Keene.

January 22, 2021

*/s/ Daniel E. Will*
Daniel E. Will